UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HEATHER HENDERSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>RELIANT HOSPICE OF HOUSTON, LLC AND LOIAL HOSPICE, LLC,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:23-cv-751 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Heather Henderson brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, on behalf of herself and all others similarly situated. For cause of action, Plaintiff would respectfully show as follows:

### I. NATURE OF DEMAND

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Plaintiff and similarly situated employees in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay these employees at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

3. Heather Henderson, on behalf of herself and all other similarly Licensed Vocational Nurses ("LVNs"), brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to their non-exempt LVNs for hours worked in excess of forty hours per workweek.

## II. PARTIES

5. Plaintiff Heather Henderson ("Henderson") is an individual who resides in this judicial district. She was employed as an LVN field nurse by Defendants within the meaning of the FLSA from approximately April 2022 through February 2023. A copy of her Consent is attached hereto as Exhibit A.

6. Defendant Reliant Hospice of Houston, LLC ("Reliant Hospice") is a Delaware limited liability company that operates out of a number of counties in Texas, including Bexar County.

7. Reliant Hospice was an employer of Henderson and those similarly situated as defined by 29 U.S.C. §203(d).

8. Reliant Hospice can be served with process by serving its registered agent, Capital Corporate Services, Inc. at 1501 S. Mopac Expwy., Suite 220, Austin, Texas 78746.

9. Defendant LOIAL Hospice, LLC ("LOIAL") is a domestic LLC that is the owner of Reliant Hospice of Houston, LLC

10. LOIAL was an employer of Henderson and those similarly situated as defined by 29 U.S.C. §203(d).

11. LOIAL can be served with can be served with process by serving its registered agent, Capital Corporate Services, Inc. at 1501 S. Mopac Expwy., Suite 220, Austin, Texas 78746.

12. At all times hereinafter mentioned, LOIAL and Reliant Hospice ("Defendants") have exercised managerial responsibilities and substantial control over their employees, including Henderson, and the terms and conditions of their employment.

13. LOIAL and Reliant Hospice have the authority to and have exercised their authority to hire, fire and direct their employees, including Henderson.

14. LOIAL and Reliant Hospice have the authority to and have exercised their authority to supervise and control the employment relationships and work schedules of their employees, including Henderson.

15. LOIAL and Reliant Hospice have the authority to and have exercised their authority to set and determine the rate and method of pay of their employees, including Henderson.

16. LOIAL and Reliant Hospice have the authority to and have exercised their authority to decide whether Henderson and other similarly situated LVNs receive overtime compensation.

17. LOIAL and Reliant Hospice also kept business records for their employees, including Henderson.

### III. JURISDICTION AND VENUE

18. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on

this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

19. The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Henderson in Bexar County, Texas and have committed actions in Bexar County, Texas that give rise to this cause of action.

20. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in Bexar County, which is within this District and Division.

## IV. COVERAGE UNDER THE FLSA

21. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Henderson.

22. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Defendant Reliant Hospice of Houston, LLC has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Defendant LOIAL Hospice, LLC has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all times hereinafter mentioned, Defendant Reliant Hospice of Houston, LLC and Defendant LOIAL Hospice, LLC have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Reliant Hospice of Houston, LLC and Defendant LOIAL Hospice, LLC are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and

has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Defendants employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

27. Defendants provide in home hospice care in and around Texas, including, but not limited to, San Antonio, Houston, Plano and Fort Worth. Defendants provide field nurses, such as Plaintiff, to assist them in providing hospice care to their patients.

28. Henderson was employed by Defendants as a non-exempt LVN field nurse.

29. Henderson consistently worked more than forty hours per workweek.

30. Additionally, as is custom in the industry, Henderson would regularly work on her nurses' notes at home.

31. Defendants were fully aware of the fact that Henderson and other LVNs would work on their nurses' notes at home.

32. Defendants never paid Henderson, or any other LVNs, overtime premiums for any hours worked over forty per workweek.

33. Defendants have employed and are employing other individuals as LVNs who were subjected to the same treatment as Henderson, in that they are not paid overtime premiums for any hours worked over forty per workweek.

34. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Henderson and all other similarly situated LVNs.

## V. COLLECTIVE ACTION ALLEGATIONS

35. Henderson seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

    **All current and former hourly LVNs who were employed by Defendants at any location in Texas for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

36. The Class Members were subjected to the same pay provisions in that they were all non-exempt, but they were not compensated at the rate of at least one and one-half their regular rates of pay for any hours worked in excess of 40 in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Henderson, without regard to their individualized circumstances or their job duties.

37. Defendants' failure to compensate their employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of failing to pay overtime compensation to the FLSA Class Members in the manner described herein above. This policy or practice is and has been, at all relevant times, applicable to the Henderson and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of Henderson or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Henderson also applied to all FLSA Class Members.

# VI. CAUSE OF ACTION

## FAILURE TO PAY WAGES IN
## ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. Henderson incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

39. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per workweek at rates no less than one-and-one-half times their regular rates for which they were employed.

40. Defendants have acted willfully in failing to pay Henderson and other similarly situated LVNs in accordance with applicable law.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Heather Henderson prays for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and on trial of this cause, judgment against Defendants, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

    b.    For an Order awarding Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the Texas common law; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
     Douglas B. Welmaker
     Texas State Bar No. 00788641
     doug@wemakerlaw.com

**ATTORNEY FOR PLAINTIFF**