**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **HEATHER HENDERSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| **PLAINTIFF,** | § § § | |
| **v.** | § § § | **CIVIL ACTION NO. SA-23-cv-751-FB** |
| **RELIANT HOSPICE OF HOUSTON, LLC AND LOIAL HOSPICE, LLC,** | § § § | |
| **DEFENDANTS.** | § § | |

---

### JOINT RULE 26(F) CONFERENCE REPORT

---

Plaintiff Heather Henderson ("Plaintiff") and Defendants Reliant Hospice of Houston, LLC and Loial Hospice, LLC ("Defendants") (collectively, the "Parties") hereby submit their Joint Rule 26(f) Report pursuant to Fed. R. Civ. P. 26(f) and Local Rule CV-16.

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

    **Plaintiff Heather Henderson, on behalf of herself and all other similarly Licensed Vocational Nurses, brings this collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks to recover unpaid off-the-clock overtime compensation, liquidated damages, attorney's fees and costs on behalf of herself and all others similarly situated. To recover, Plaintiff and the putative class must show that Defendants were their**

**employers, that Defendants are covered entities under the FLSA, that Plaintiff and the putative class worked uncompensated overtime hours that Defendants either knew or should have known about, and that Plaintiff and the putative class suffered damages.**

**Defendants deny Plaintiff's allegations in this case and incorporate their asserted defenses, which are more fully set out in their Original Answers.[1] Presently, Defendants do not plan to assert any counterclaims, but reserve the right to do so if facts later ascertained justify the assertion of claims against Plaintiff.**

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:

  **None at this time.**

  a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

    **Not applicable.**

  b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

    **Not applicable.**

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

  **No.**

---

[1] See Defendants' Original Answers and Affirmative Defenses [Dkt. 6, 7].

91538049.1

4.  Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

  **None at this time.**

5.  Are there any legal issues in this case that can be narrowed by agreement or by motion?

  **None at this time.**

6.  Are there any issues about preservation of discoverable information?

  **None at this time.**

7.  Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

  **The Parties anticipate no issues related to the disclosure or discovery of electronically stored information at this time. The Parties agree that electronic discovery will be produced in PDF and native format.**

8.  What are the subjects on which discovery may be needed?

  **The Parties anticipate discovery subjects that involve the exploration of all claims and defenses asserted in this action by the methods allowable under the Federal Rules of Civil Procedure.**

9.  Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

  **Initial Disclosures will be exchanged by the Parties on October 9, 2023, unless the parties agree to mutually extend. No changes are necessary for the form or requirement for Initial Disclosures in this case.**

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

      **No discovery has been completed at this time. The Parties will submit a proposed discovery schedule within the timeframe contemplated by the FEDERAL RULES OF CIVIL PROCEDURE. The Parties anticipate that discovery may need to be conducted in phases. Finally, the Parties do not think additional limitations on discovery, other than those imposed by the FEDERAL RULES OF CIVIL PROCEDURE, will be necessary in this case.**

11. What, if any, discovery disputes exist?

      **None at this time.**

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

      **The Parties do not anticipate the need to file a proposed order pursuant to Federal Rule of Evidence 502 at this time.**

13. Have the parties discussed early mediation?

      **The Parties have discussed early resolution. The Parties will continue to work together to explore the possibility of early resolution. Should a mediator be necessary, the Parties agree to coordinate in the selection of a mediator.**

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

      **Yes. The Parties anticipate a protective order will be necessary to ensure all confidential information of the parties exchanged in discovery remains confidential.**

The Parties plan to submit a protective order mirroring the form Confidentiality and Protective Order approved for use in the Western District of Texas.

Respectfully submitted,

**WELMAKER LAW, PLLC**                    **POLSINELLI PC**

*/s/ Doug Welmaker (with permission)*     By: */s/ Jason T. Weber*
**Douglas B. Welmaker**                   **Jason T. Weber,** *Lead Counsel*
State Bar No. 00788641                    Texas State Bar No. 24075251
Welmaker Law, PLLC                        jweber@polsinelli.com
409 N. Fredonia, Suite 118                **Derek A. McKee**
Longview, Texas 75601                     Texas State Bar No. 24108765
Phone: (512) 799-2048                     dmckee@polsinelli.com
doug@welmakerlaw.com                      2950 N. Harwood Street, Suite 2100
                                          Dallas, Texas 75201
**ATTORNEY FOR PLAINTIFF**                Telephone: (214) 754-5741
                                          Facsimile: (214) 292-9487

                                          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this 3rd day of October 2023, on all counsel of record via the Court's *CM/ECF* system pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

                                          */s/ Jason T. Weber*
                                          Jason T. Weber

91538049.1