UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HEATHER HENDERSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF, | § § § § | |
| v. | § § § | CIVIL ACTION NO. SA-23-cv-751-FB |
| RELIANT HOSPICE OF HOUSTON, LLC AND LOIAL HOSPICE, LLC, | § § § § | |
| DEFENDANTS. | § § | |

**THE PARTIES' JOINT PROPOSED SCHEDULING RECOMMENDATIONS**

This case is pled as a collective action under the Fair Labor Standards Act ("FLSA"). Defendants intend to oppose Plaintiff's request that notice issue in this case.

Plaintiff Heather Henderson, on behalf of herself and all others similarly situated ("Plaintiff") and Defendants Reliant Hospice of Houston, LLC and LOIAL Hospice, LLC ("Defendants") (collectively "the Parties") jointly recommend that the following deadlines be entered in a preliminary scheduling order, which shall control discovery concerning whether it is appropriate for notice to issue in this matter, with the Court's standard scheduling order to be entered once issues regarding notice have been determined.

These recommendations are made in light of the Fifth Circuit's decision in *Swales v. KLLM Transp. Servs., L.L.C.*, which held that, when managing a putative FLSA collective action, "a district court should identify, at the outset of the case, what facts and legal considerations will be

91537540.1

material to determining whether a group of 'employees' is 'similarly situated' . . . [a]nd then it should authorize preliminary discovery accordingly." 985 F.3d 430, 441 (5th Cir. 2021).

The Parties believe that future scheduling deadlines will be determined in large part by pre-notice discovery, as well as briefing concerning the appropriateness of granting Plaintiff's Motion for Notice.  Accordingly, the Parties believe that the most efficient manner to proceed would be to attend to class issues initially (Phase I discovery) and then to submit additional scheduling recommendations once class issues have been resolved (Phase II).

In that regard, the Parties propose that Phase I discovery, limited to the appropriateness of notice issuing in this matter, last **120** days from the date of the Court's entry of the corresponding scheduling order.

The Parties further propose that Plaintiff's Motion for Notice be filed within **150** days from the date of the Court's entry of the corresponding scheduling order, with Defendants' Response due **30** days after the date of Plaintiff's Motion for Notice, and Plaintiff's Reply due **7** days after the date of Defendants' Response.

Therefore, the Parties respectfully request that the Court require that the Parties submit additional joint proposed scheduling recommendations, including deadlines for the items in the Court's form scheduling order, not later than 15 days after either (1) the close of the class notice period, if any, or (2) the date the Court denies Plaintiff's Motion for Notice.

Dated: October 3, 2023.

Respectfully Submitted,

| | |
|---|---|
| **WELMAKER LAW, PLLC** | **POLSINELLI PC** |
| /s/ *Doug Welmaker (with permission)* | By: /s/ *Jason T. Weber* |
| **Douglas B. Welmaker** | **Jason T. Weber** |
| State Bar No. 00788641 | Lead Counsel |
| Welmaker Law, PLLC | Texas State Bar No. 24075251 |
| 409 N. Fredonia, Suite 118 | jweber@polsinelli.com |
| Longview, Texas 75601 | **Derek A. McKee** |
| Phone: (512) 799-2048 | Texas State Bar No. 24108765 |
| doug@welmakerlaw.com | dmckee@polsinelli.com |
| | 2950 N. Harwood Street, Suite 2100 |
| **ATTORNEY FOR PLAINTIFF** | Dallas, Texas 75201 |
| | Telephone: (214) 754-5741 |
| | Facsimile: (214) 292-9487 |
| | **ATTORNEYS FOR DEFENDANTS** |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing through the CM/ECF system on October 3, 2023.

/s/ *Jason T. Weber*
Jason T. Weber